Paul D. O'Haire
Napa State Hospital
2100 Napa-Vallejo Hwy., T-15
Napa, CA 94558  (707) 252-9988

Plaintiff, pro se

**ADR**

Filed
APR 10 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

C08  01917

| | |
|---|---|
| PAUL D. O'HAIRE, | Civil Action No. _____ |
| Plaintiff, | |
| v. | COMPLAINT, PURSUANT TO: |
| | THE AMERICAN'S WITH DISABILITIES ACT, § 12101 ET SEQ., TITLES II, AND III; AND 42 U.S.C. § 1983 |
| NAPA STATE HOSPITAL, | |
| Defendant. | FOR PRELIMINARY, AND PERMANENT INJUNCTIVE RELIEF RULE 65(2), F.R.Civ.P. |

### COMPLAINT

This action is brought by Plaintiff seeking preliminary and permanent injunctive relief, in form of a temporary restraining order (TRO), to enjoin the Defendant, its employees, agents, and contractor from imminent, and continued violation of the Plaintiff's civil rights, and that of similarly situated patients disabled by mental illness.

Defendant improperly requires that patients in the Sex Offender Treatment Program, irregardless of disability of mental illness, or underlying conviction of sexual offense, waive safeguard of civil process *as pre-requisite to access Program Service* of polygraph testing, a core factor of discharge criteria, in violation of the Access Clause of the First Amendment, and Due Process, and Equal Protection Clauses of the Fourteenth Amendment, under the Federal Constitution, and Laws of the United States, with diversity State Law claims, seeking measured compensatory, and punitive damages, under ADA, and a declaratory judgment.

Dual Complaint / TRO Relief            -1-

### Exhaustion of Administrative Remedies

1. Plaintiff has exhausted such administrative remedies as were available, to include: Napa State Hospital, Calif. Dept. of Mental Health, Office of Patients' Rights, Calif. Dept. of Licensing, & Certification, State Facilities Unit, pursuant to 28 U.S.C. § 1915A(a).

### Jurisdiction

2. This Court has original jurisdiction pursuant to Title 28 U.S.C. § 1331, and § 1332, and supplemental jurisdiction over State-law claims reasonably related to, and flowing from conduct also violating federal law pursuant to Title 28 U.S.C. § 1367.

### Parties

3. Plaintiff is under forensic commitment at Napa State Hospital, and is located at 2100 Napa-Vallejo Hwy., T-15, Napa, CA 94558.

4. Defendant Napa State Hospital, is operated by the Calif. Dept. of Mental Health, and is located at 2100 Napa-Vallejo Hwy., Napa, CA 94558.

### Fact Pattern

5. On June 27, 2005, Bradley J. Scholozman, Acting Assistant U.S. Attorney General, Civil Rights Div., United States Dept. of Justice, sent The Honorable Arnold Awarzenegger, Governor of California, Napa State Hospital, and Dave Graziani, former Executive Dir., its Statutorily Required Finding, in a 23-page letter, citing "…significant, and wide-ranging deficiencies in Napa's provision of care to its patients."

6. The Plaintiff's instant / prior commitments were result of adjudication of not guilty by reason of insanity pursuant to Calif. Penal Code § 1026, and one (1) such adjudication occurring in U.S. District Court, Baltimore Div., Baltimore, MD.

7. Plaintiff is currently assigned to Unit T-15, the Sex Offender Treatment Program, hereafter "Program," with thirty-eight (38) patients; with some one hundred (100) patients, unable to access that Program, underlying insufficient Program housing, insufficient numbers of professionals ( psychiatrists / psychologists / social workers ) trained in Phase Treatment, and insufficient budget.

8. Program patients, irrespective of disability of mental illness, or underlying arrest or conviction for proscribed sex offenses, or civil or penal code commitments,[1] are required to undergo polygraph examination; a core factor, in meeting discharge criteria.[2] Such testing has been on-going at Defendant NSH, between 2003, and filing of this Complaint.

9. NSH Administrative Directive #792, "Polygraph Examination For Sex Offenders," effective July 2003, was originally prepared at the direction of, and authorized by Reggie Ott, former Program 3 Dir., and Dir., Central Program Services, and Dave Graziani,[3] and revised, effective July 27, 2006, authorized by Dave Graziani, former Executive Dir., incorporating the same infirm requirement of "waiver of civil process" as pre-requisite "to Service-access;" as to ¶ 7, of the Consent Form, reciting: *"I do hereby release, acquit and forever discharge the State of California and its employees, agents, and contactors from any claim arising out of my taking the polygraph examination."*

10. Patient refusal to participate in the Program Service of polygraph testing, by refusal to accept all terms and conditions of the Consent Form can reasonably, and in all probability would be considered adversely by the patients' Inter-disciplinary Treatment Team and / or community conditional release programs, as factor in determining unsuitability for release to out-patient status, the least restrictive setting.

11. On September 19, 2007, despite objection of infirm / discriminatory pre-condition to Services-access, Plaintiff submitted a letter to his Treatment Team agreeing to "waiver," when eventually handed the Consent Form, verses the alternative: "Then you'll sit at Napa, until you sign it."

---

[1] Calif. Welfare & Institutions Code § 2972, or Calif. Penal Code § 1026.

[2] Defendant NSH, by its employees, under Authority of Calif. Dept. of Mental Health, Special Order #331. retained James Adams, an American Polygraph Association Accredited Examiner, by Contractual Agreement, to perform up to three (3) category of testing: (a) Sexual History Polygraph, ( b ) Maintenance/ Monitoring, and ( c ) Specific Issue Polygraph; re-testing may occur based on concern by any patients' Treatment Team.

[3] NSH, Dave Graziani, and Reggie Ott, are currently cited as Defendants in *O'Haire v. Napa State Hospital*, et al., No. C07-0002 (RMW)(PR), U.S. District Court, San Jose Div., before The Honorable Ronald M. Whyte, Judge, which, itself, cites an array of persistent infirm custodial conditions; Majid Yasaie, Ph.D., further Defendant, in that matter, and is no longer employed by Defendant NSH / DMH, and maintains working relationship in the community with James Adams, Polygraph Examiner, a State-contractor.

12. On December 18, 2007, the Plaintiff submitted the Full Disclosure Questionnaire, prepared by James Adams, Contractor, and along with W.B., a fellow patient in the Program, are currently awaiting testing. [4]

13. Plaintiff, and similarly situated patients, comprising a minority of the population, and non-Program patients, comprising majority of the population, are not otherwise required to "waive safeguard of civil process," as pre-requisite to access any other Programs, Services, or Treatment-related activity, whether or not linked to discharge, whether or not facilitated by State employees, or State contractors, with sole exception of polygraph testing.

14. Administrative Directive #792, further provides for custodial re-testing of patients, should treatment issue or concern arise, constituting infirm conduct capable of recurrence, yet avoiding judicial review; effectively stripping the disabled of judicial remedy, responsive to State over-reach, and / or misconduct by its Contractor, James Adams.

15. On May 2, 2006, the Civil Rights Div., of the United States Dept. of Justice, filed action in U.S. District Court, Central District, which complaint recites, in relevant part:

> "The Attorney General files this Complaint on behalf of the United States of America pursuant to the Civil Rights of Institutionalized Persons Act, 42 U.S.C. § 1997, to enjoin the named Defendants from egregiously and flagrantly depriving individuals housed in…Napa State Hospital…of rights, privileges, or immunities secured and protected by the Constitution and laws of the United States."

at page 2, therein.

coupled with filing of a Consent Decree, which recites, in relevant part:

> "Each State Hospital unconditionally permits individuals to exercise their constitutional rights of free speech, including the right to petition the government for redress of grievances without state monitoring and providing them due process."

at page 75, therein.

---

[4] Plaintiff was originally being prepared for polygraph examination during 2006, while in-process of exhausting administrative remedies, then advised no such testing would be required. Glenna Wheeler, Chief, Human Rights, Calif. Dept. of Mental Health, as final Response from that Dept., advised that issue of "waiver of civil process," would best be a matter resolved in federal court.

## Cause of Action – Violations Alleged

### COUNT ONE

Defendant NSH, by its employees, violated the Plaintiff's civil rights, and that of similarly situated patients disabled by mental illness under the Access Clause, of the First Amendment, and the Due Process, and Equal Protection Clauses of the Fourteenth Amendment, under the Federal Constitution, similarly under Articles 3 and 7(a), of the California State Constitution, and the American's With Disabilities Act (ADA), 42 U.S.C. § 12101 et seq., Title II, and III, and 42 U.S.C. § 1983.

16. As set forth particularity at paragraphs 5 – 15, of the Complaint, Defendant NSH, its employees, agents and contractor erected a tort of Constitutional, and Statutory dimension by imposing an infirm / discriminatory "waiver of right," as pre-requisite to "Service access," which disenfranchised the Plaintiff, and similarly situated patients disabled by mental illness, from access of the Courts in event of State over-reach, or misconduct by its Contractor.

**Relief:**

### Preliminary, and Permanent Injunctive Relief

17. Defendant NSH was timely placed on Notice as to the Plaintiff's intent to move for preliminary, and permanent injunctive relief in compliance with Rule 65(a)(1), and declined to provide administrative relief. Plaintiff's Fact Pattern fairly states grounds for preliminary, and permanent injunctive relief, in form of a temporary restraining order (TRO), and seeks to advance hearing, and consolidate with trial on the merits, under Rule 65(2), Fed.R.Civ.P.

### Declaratory Judgment

18. The Plaintiff seeks that the following declaratory judgment issue from this Court, as factfinder, at trial:

( a ) Patients disabled by mental illness, whether civil or penal commitments, while in custody, shall not have their "access" to any Programs, Services or Treatment-related activity contingent upon executing any "waiver of right," as pre-requisite condition to such "access."

( b ) All executed "waivers of rights," secured at Defendant NSH, by its employees, agents, or contractors as to ¶ 7, of the Consent Form, authorized by Administrative Directive #792, are retroactively void, in that "waiver of right," for "Service-access," violates ADA.

**Monetary Damages**

19. Plaintiff seeks measured compensatory damages of $250.00, and punitive damages of $500.00. Alternatively, should an executed "Wavier" have been secured from the Plaintiff before or after filing of this Complaint, the Plaintiff seeks compensatory damages of $500.00, and punitive damages of $1,000.00.

**Prayer for recovery of costs incurred in brining, and prosecuting this Action based on Defendant's capacity to better bear such burden.**

20. Upon award of judgment, Plaintiff respectfully seeks order of this Court directing that Defendant NSH, compensate Plaintiff for all direct, and related out-of-pocket expense related to the preparation, filing, and prosecuting of this Civil Rights Action, based upon: ( a ) It's capacity to bear such burden, ( b ) by reason of clear, and foreseeable violation of the rights of those disabled by mental illness, by a State-component, and ( c ) With order that no monetary judgment be subject to Institutional cost-of-care assessment.

WHEREFORE, Plaintiff respectfully seeks the prayed relief, upon good cause shown, together with such other relief as this Court deems just and proper, in the interests of justice.

I do hereby swear that the foregoing is true, and correct to the best of my knowledge, and belief, under penalty of perjury.

Respectfully submitted,

Date: 4-7-08

*[signature]*

Paul D. O'Haire
Plaintiff, pro se.

///