*E-FILED - 7/11/08*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL D. O'HAIRE,<br><br>  Plaintiff,<br><br>  v.<br><br>NAPA STATE HOSPITAL,<br><br>  Defendant. | No. C 08-1917 RMW (PR)<br><br>ORDER OF DISMISSAL; ON PENDING MOTIONS<br><br><br>(Docket Nos. 2, 3, 8) |

    Plaintiff, proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 against Napa State Hospital, where he is currently incarcerated. He has paid the filing fee. After reviewing the complaint pursuant to 28 U.S.C. § 1915A(a), the court will dismiss the instant complaint because plaintiff's claims are barred by the Eleventh Amendment.

**DISCUSSION**

A.    Standard of Review

    Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief

may be granted, or seek monetary relief from a defendant who is immune from such relief.  Id. at 1915A(b)(1),(2).  Pro se pleadings must be liberally construed.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) a person was acting under the color of state law, and (2) the person committed a violation of a right secured by the Constitution or laws of the United States.  West v. Atkins, 487 U.S. 42, 48 (1988).

B.     Plaintiff's Claim

Plaintiff claims that defendant, the Napa State Hospital ("NSH"), violated his constitutional with the terms and conditions for plaintiff's participation in polygraph testing at the institution.  The Eleventh Amendment bars from the federal courts suits against a state by its own citizens, citizens of another state or citizens or subjects of any foreign state.  Atascadero State Hosp. v. Scanlon, 473 U.S. 234, 237-38 (1985).  This Eleventh Amendment immunity also extends to suits against a state agency, such as a state prisons and mental hospitals.  See, e.g., id.; Allison v. California Adult Authority, 419 F.2d 822, 823 (9th Cir. 1969) (California Adult Authority and San Quentin Prison are entitled to Eleventh Amendment immunity); Bennett v. California, 406 F.2d 36, 39 (9th Cir. 1969) (California Adult Authority and California Dep't of Corrections are entitled to Eleventh Amendment immunity).  Here, plaintiff brings suit against NSH, a state entity.[1]  Consequently, his claims are barred by the Eleventh Amendment and will be dismissed.

//
//

---

[1] Plaintiff concedes in footnote 1 of his "Request for Court Ordered Screening of the Complaint" that NSH is a "state-component."

Order of Dismissal; On Pending Motions
P:\pro-se\sj.rmw\cr.08\OHaire917dis          2

1 **CONCLUSION**

2  Plaintiff's complaint is hereby DISMISSED for failure to state a cognizable claim
3 for relief under 42 U.S.C. § 1983.  In light of this dismissal, the motions for a preliminary
4 and permanent injunction (docket no. 2) and to relate this case (docket no. 3) are
5 DENIED.  Plaintiff's motion for the court to screen his complaint (docket no. 8) is
6 GRANTED.

7  The clerk shall terminate all pending motions and close the file.

8  IT IS SO ORDERED.
9  DATED: 7/7/08

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge