***E-FILED - 8/18/08***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL D. O'HAIRE,<br><br>            Plaintiff,<br><br>     v.<br><br>NAPA STATE HOSPITAL,<br><br>            Defendant. | No. C 08-1917 RMW (PR)<br><br>ORDER DENYING MOTION FOR RECONSIDERATION<br><br><br>(Docket No. 12) |

Plaintiff, proceeding pro se, filed the instant complaint challenging the conditions of his confinement at Napa State Hospital ("NSH"). The complaint was dismissed on the grounds that under the Eleventh Amendment NSH is immune from plaintiff's claim. Plaintiff has filed a "1 sentence motion for reconsideration," which, for the reasons explained below, will be DENIED.

Motions for reconsideration should not be frequently made or freely granted; they are not a substitute for appeal or a means of attacking some perceived error of the court. See Twentieth Century - Fox Film Corp. v. Dunnahoo, 637 F.2d 1338, 1341 (9th Cir. 1981). Rule 60(b) of the Federal Rules of Civil Procedure provides for reconsideration where one or more of the following is shown: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have

been discovered before the court's decision; (3) fraud by the adverse party; (4) voiding of the judgment; (5) satisfaction of the judgment; (6) any other reason justifying relief. Fed. R. Civ. P. 60(b); School Dist. 1J v. ACandS Inc., 5 F.3d 1255, 1263 (9th Cir.1993). Subparagraph (6) requires a showing that the grounds justifying relief are extraordinary; mere dissatisfaction with the court's order or belief that the court is wrong in its decision are not adequate grounds for relief. See Twentieth Century - Fox Film Corp. v. Dunnahoo, 637 F.2d 1338, 1341 (9th Cir. 1981).

Plaintiff argues that the court should reconsider the dismissal of this action because his claim under the Americans with Disabilities Act ("ADA") is not barred by the Eleventh Amendment. A review of the complaint reveals that plaintiff brought his claim under both § 1983 and the ADA.[1] Plaintiff does not dispute that his § 1983 claim is barred by the Eleventh Amendment. Plaintiff is correct, however, that his ADA claim is not barred by the Eleventh Amendment. United States v. Georgia, 546 U.S. 151, 159 (2006). This does not end the court's analysis, however. Before vacating the dismissal and reopening the instant matter, the court is obliged, pursuant to 28 U.S.C. § 1915A, to determine whether the plaintiff's ADA claim is cognizable. For the reasons explained below, while plaintiff's ADA claim is not barred by the Eleventh Amendment, it nevertheless fails to state a cognizable claim for relief under the ADA.

Plaintiff claims that NSH violates the ADA by requiring patients who want to participate in NSH's Sex Offender Treatment Program ("SOTP") to undergo a polygraph examination and complete a waiver and release of liability form.[2] The elements of a cause of action under Title II are that:

(1) the plaintiff is an individual with a disability;
(2) the plaintiff is otherwise qualified to participate in or receive the benefit

---

[1] Plaintiff's claim that NSH's actions violate myriad constitutional rights falls under § 1983 because § 1983 provides the cause of action against a state actor for the violation of an individual's constitutional rights. See West v. Atkins, 487 U.S. 42, 48 (1988).

[2] According to plaintiff, the waiver releases the State of California from liability for any claim arising out administering the polygraph examination.

Order Denying Motion for Reconsideration
P:\PRO-SE\SJ.Rmw\CR.08\OHaire917rec.wpd         2

```
            of some public entity's services, programs, or activities;
        (3) the plaintiff was either excluded from participation in or denied the
            benefits of the public entity's services, programs or activities, or was
            otherwise discriminated against by the public entity; and
        (4) such exclusion, denial of benefits, or discrimination was by reason of
            the plaintiff's disability.
```

Thompson v. Davis, 295 F.3d 890, 895 (9th Cir. 2002). Plaintiff allegations do not satisfy the last element of an ADA claim. According to plaintiff, NSH threatened to exclude him from the SOTP because of his refusal to complete the waiver form for the polygraph examination, not because of his mental illness or any other disability.[3] (See Complaint at ¶ 11.) Indeed, plaintiff alleges that NSH requires the polygraph and waiver form for everyone who wants to participate in the SOTP "irrespective of disability of mental illness." (Id. at ¶ 8.) Such allegations make clear that NSH did not exclude, deny benefits to, or discriminate against plaintiff "by reason of" plaintiff's disability. Consequently, plaintiff's allegations fail to state a cognizable claim for relief under the ADA, and dismissal of such claim is proper.

Accordingly, plaintiff's motion for reconsideration is DENIED.

This order terminates Docket No. 12.

IT IS SO ORDERED.

DATED:   8/15/08

*Ronald M Whyte*
RONALD M. WHYTE
United States District Judge

---

[3] Plaintiff alleges that he signed the waiver form in order to participate in the SOTP.